HAMANN v. LEAHY et al.

(Supreme Court, Appellate Division, Second Department.   October 7, 1910.)

CONTRACTS (§ 22*)—LIABILITY—EVIDENCE.

Where defendant purchased an automobile of plaintiff, stating that, if repairs were necessary, plaintiff should have the job, and rented the machine to the city of New York, and, on his bringing it to plaintiff for repairs, plaintiff insisted on an order for such repairs from the city, which was sent him by an officer thereof, he could not recover for the repairs against defendant, either on his original agreement, or on his promise, after the completion of the work, that he would see that plaintiff got his money.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Charles Hamann against Patrick E. Leahy and another. From a judgment for plaintiff, defendant Joseph A. Boyce appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Clarence Sage Woodman, for appellant.
Frank F. Davis, for respondent.

THOMAS, J.   Hamann, plaintiff, sold Boyce, defendant, an automobile in March, and during the following June repaired it, and has recovered $300 therefor.   The car was brought to plaintiff for such repairs by a chauffeur in the employment of the city of New York. Plaintiff refused to make repairs without an order from the city, and thereupon received on official paper the following:

"Mr. Charles Hamann, No. 274 Hall Street, Brooklyn, N. Y.

"Dear Sir:   You are hereby requested to overhaul the Ranie car, used by this bureau, and place same in good condition.

"Yours truly,                         [Signed]   P. E. Leahy,
"Superintendent of Highways, Borough of Queens."

Leahy, as superintendent of highways, had hired the car of Boyce, and so undertook the repairs.   Why is payment demanded of Boyce? The plaintiff testifies that, after the completion of the work, Boyce said "he would see I got my money."   This was not a promise to pay primarily, but vouching for the debt of another.   But plaintiff further relies upon defendant's promise made at the time the car was purchased.   The evidence is:

"I told Mr. Boyce, when I sold this car, I told him: 'This car needs an overhauling.'   I said: 'If you don't sell the car, * * * that I would like the job of overhauling the car.'   Mr. Boyce said: 'Never mind; you will get the job of overhauling the car, whether I sell it or keep it, and I will see you get your money.'"

Nothing more relevant occurred between the parties save as above given.   Boyce at the time hoped to sell the car to the city, and so stated to plaintiff.   I do not consider whether the plaintiff could rely on this promise, inasmuch as he did not.   He testified that, when the car came for repairs, "I asked for an order, and they gave me an order."   "I didn't work on the car until I received the letter."   Credit was given to the letter and whomsoever Leahy represented.   If he wrote without authority, he is himself liable.   It does not appear that Boyce participated in Leahy's action.   The plaintiff testified that he asked Boyce for money, and that he promised to send a check, and did so; but it appears that plaintiff had in his possession another car owned by Boyce, and refused to deliver it without payment, and the payment related to that car.

I advise that the judgment of the Municipal Court be reversed, and a new trial ordered; costs to abide the event.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.